UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

RAYMOND EMMIT BROWN,
also known as RAYMOND BROWN,

    Plaintiff,

v.

ERIC D. WILSON, Warden, *et al.*,

    Defendants.

Civil Action No. 6:11-00189-KSF

**MEMORANDUM OPINION**
**AND ORDER**

\*\*\*\*\*  \*\*\*\*\*  \*\*\*\*\*  \*\*\*\*\*

Plaintiff Raymond Emmit Brown, also known as "Raymond Brown," is confined in the United States Penitentiary-McCreary ("USP-McCreary"), in Pine Knot, Kentucky. He has filed a *pro se* civil rights complaint asserting constitutional claims under 28 U.S.C. § 1331 and the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [R. 2].

Brown alleges that between June 2010 and August 2010, Defendants Eric D. Wilson, former Warden of USP-McCreary; Rhonda Jones, Health Services Administrator of USP-McCreary; and "John Doe" Defendants were deliberately indifferent to his serious medical condition in violation of the Eighth Amendment of the United States Constitution, which prohibits cruel and unusual punishment. He further alleges that the defendants violated his right to due process of law, guaranteed by the Fifth Amendment of the United States Constitution.

Because Brown has been granted *in forma pauperis* status, [R. 7], and because he asserts claims against government officials, the Court now screens his Complaint pursuant to 28 U.S.C. §§ 1915, 1915A, which require the dismissal of any claims that are frivolous or malicious, fail

to state a claim upon which relief may be granted, or seek monetary relief from defendants who are immune from such relief. *Id.*; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997). Because Brown fails to allege either claims of deliberate indifference to his serious medical needs or due process deprivations, his Complaint will be dismissed with prejudice.

## CLAIMS ASSERTED

Brown alleges that he suffers from sickle cell anemia, which he describes as a painful and serious medical condition that adversely affects his blood circulation. He alleges that the defendants have not only failed to provide him with the proper medication to treat his condition, but have also refused to transfer him to a federal facility where he could receive the necessary treatment. Brown seeks unspecified damages and a transfer to a Bureau of Prisons ("BOP") medical facility that is equipped to treat sickle cell anemia.

Brown alleges that on June 4, 2010, he suffered a severe sickle cell anemia attack; was rushed to the Lake Cumberland Regional Hospital in Somerset, Kentucky; and was told by one of the treating physicians there that in order to prevent future attacks, he needed to be treated with a narcotic pain killer, which Brown did not identify. Brown alleges that because the defendants refused to prescribe and/or administer the unspecified narcotic, he suffered another sickle-cell anemia attack on August 20, 2010, and experienced pain and suffering.

## BROWN'S ADMINISTRATIVE REMEDIES

Sometime in 2010, Brown submitted a Request for an Informal Resolution to USP-McCreary staff, requesting a narcotic pain medication pursuant to the recommendations of the doctor who had recently treated him at the local hospital. [R. 2-1, p. 1]. Brown's Correctional

Counselor and unit Manager denied that request, explaining that the prison medical staff had informed him that Brown's blood work was "fine;" that Brown needed to manage his condition with fluids and over the counter medications; and that he was a Care Level 2 inmate whose high security classification was "commensurate with" placement in USP-McCreary. [*Id*., p. 2].

On July 20, 2010, Brown submitted a BP-9 "Request for Administrative Remedy" to then Warden Wilson, demanding narcotic pain medication or a transfer to a BOP medical facility where inmates are allowed to use narcotic pain medications. [*Id*., pp. 3-4]. Brown alleged that by denying him the use of a narcotic pain medication, Wilson and Jones had been deliberately indifferent to his serious medical needs and had caused him pain and suffering. [*Id*.].

On August 10, 2010, former Warden Wilson denied Brown's remedy request, explaining that although the hematologist at the Lake Cumberland Regional Hospital had ordered 15 pain pills for Brown when he was discharged from the hospital on June 10, 2010, and had instructed Brown to take them only as needed, "Any medication written by a community physician must be reviewed by USP McCreary's physician." [R. 2-1, p. 5].

Wilson noted that the hematologist had prescribed only three days' worth of pain pills and had recommended that Brown keep himself well hydrated; that the discharge plan called for the blood work to be repeated in a week; that the Chronic Care Clinic had seen Brown on July 15, 2010; that Brown had a sickle cell anemia crisis only about once a year; and that the community standards for patients diagnosed with sickle cell anemia consisted of preventative health measures, such as hydration, relaxation, and deep breathing. [*Id*]. Wilson concluded that under these facts Brown's medical needs were being met, and reiterated that sick call was open to

3

Brown four days a week for urgent complaints. [*Id*.].

Brown then appealed to the BOP Mid-Atlantic Regional Office ("MARO"). [*Id*., pp. 7-8]. Brown stated that on August 20, 2010, he had succumbed to another sickle cell anemia attack, which he attributed to Wilson's and Jones' refusal to authorize narcotic pain medicine for him, and/or their refusal to transfer him to a BOP medical facility. [*Id*.].

On December 10, 2010, MARO Director C. Eichenlaub denied Brown's BP-10 appeal. [*Id*., p. 9]. Eichenlaub acknowledged that on August 20, 2010, Brown had reported to the Ambulatory Care Clinic with complaints of chest discomfort related to possible sickle cell crisis; that Brown was admitted to a local hospital for advanced assessment and was administered intravenous and oral narcotic analgesics for pain; and that after Brown's condition stabilized, he was transferred back to the prison. [*Id*.]. Eichenlaub noted, however, that "Physical evaluation, including cardiac catheterization, revealed negative findings and results." [Id].

Eichenlaub concluded that Brown's primary care provider team at the prison had formulated an adequate and complete medical-care plan for him; that his medical condition was being sufficiently managed at USP-McCreary, and that a transfer to a BOP medical facility was not warranted. [*Id*.]. He stated that although Brown had not experienced another sickle cell anemia attack as of December 10, 2010, the prison medical staff would continue to monitor his condition during scheduled appointments. [*Id*.].

Brown then appealed to the BOP Central office. [*Id*., pp. 10-11]. On May 25, 2011, Harrell Watts, Administrator of National Inmate Appeals, denied Brown's BP-11 appeal. [*Id*., p. 12]. Watts determined that Brown had been receiving medical care and treatment from the

prison medical staff; that consulting specialists in the community had evaluated Brown and had prescribed narcotic pain killers only on an "as-needed" basis; and that an on-going prescription for narcotics medication was "not medically necessary and will not be prescribed." [*Id*.].

## DISCUSSION
### 1. Official-Capacity Claims

To the extent that Brown may be asserting his Fifth and Eighth Amendment claims against Wilson and Jones in their official capacities, the claims will be dismissed. A *Bivens* claim for damages may be properly asserted only against individual federal employees in their individual capacities; it may not be asserted against federal officers in their official capacities. *Okoro v. Scibana*, 63 F. App'x 182, 184 (6th Cir. 2003); *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991).

When damages are sought against federal employees in their official capacities, the damages in essence are sought against the United States, and such claims cannot be maintained. *Clay v. United States*, No. 05-CV-599-KKC, 2006 WL 2711750 (E.D. Ky. Sept. 21, 2006). Brown's construed official capacity claims against these defendants will be dismissed with prejudice for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1).

### 2. Individual-Capacity Eighth Amendment Claims

Brown's Eighth Amendment individual capacity claims against former Warden Wilson and Health Services Administrator Jones fail to state a claim upon which relief may be granted. A plaintiff cannot establish the liability of a defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371, 96 S.Ct. 598 (1976); *Mullins v. Hainesworth*, No.

95–3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). In 2010, Wilson held the position of Warden of USP-McCreary, an administrative position. Brown identified Jones as the prison's "Health Services Administrator," also an administrative position. Brown does not allege that either Wilson or Jones are, or were at the relevant time, doctors, nurses, physicians assistants, or nurse practitioners authorized to prescribe narcotic medications.

Brown did not allege that Wilson and Jones personally treated his sickle cell anemia condition at USP-McCreary in June 2010 and August 2010. In his July 20, 2010, "Request for Administrative Remedy," Brown stated that an outside health care provider had recommended that he be given a narcotic pain killer medication, but that "health service personnal [sic] refused to proscribe [sic] because allegedly narcotic was prohibited from facility." [R. 2-1, p. 4].

Only certain health care providers such as doctors, dentists, physicians' assistants, or advanced practice registered nurses, are licensed to prescribe medications. Unless a prison warden or a BOP Health Services Administrator has medical training and a license to prescribe medicine, he or she cannot prescribe medications. Several courts have rejected similar Eighth Amendment medical claims against BOP Wardens and Health Services Administrators because they were not medical professionals, they were not personally involved with the prisoners' medical treatment, or they lacked authority to override the treating physician's medical decisions setting the prescribed course of treatment for the prisoner-plaintiffs. *See Stewart v. Murphy*, 174 F.3d 530, 536 (5th Cir.1999); *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir.1995); *Warren v. Epps*, No. No. 2:10-cv-22–MTP, 2011 WL 3349829, at *6, (S.D. Miss. August 02, 2011); *McIntosh v. Beighley*, No. 2:08-cv-414–WTL, 2011 WL 1364208, at *3 (S.D. Ind. April 11,

6

2011); *Wagner, Jr. v. Wexford Medical Health Services*, No. 2:09-cv-28, 2010 WL 3395037, at *5 (N.D. W. Va. July 21, 2010).

Regardless, Brown alleges that Wilson and Jones were deliberately indifferent to his serious medical needs by "delaying and refusing" to provide him with the unspecified narcotic pain medicine which he states that an outside health care provider recommended for him. Brown alleged in his informal grievance request that he had discussed "his situation" with Wilson and Jones, but he did not explain when or how Wilson or Jones allegedly denied him narcotic pain medication. Based on the June 2010 hospital discharge records and Brown's subsequent medical reports from the prison, Wilson denied Brown's BP-9 formal grievance demanding narcotic pain medication, but denying an inmate's grievance demanding specific medical treatment is insufficient personal involvement for imposing Eighth Amendment liability. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Alder v. Corr. Medical Services*, 73 F. App'x. 839, 841 (6th Cir. 2003); *Martin v. Harvey*, 14 F. App'x 307, 309-10 (6th Cir. 2001).

It appears that Brown's claims against Wilson and Jones stem from decisions they may have made in their administrative and/or supervisory capacities, but the doctrine of *respondeat superior* cannot create liability against a defendant in a *Bivens* action merely because he or she holds a supervisory position. *See Ashcroft v. Iqbal*, 556 U.S.662, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009); *Monell v. Dep't of Soc. Servs*., 436 U.S. 658, 691-95, (1978); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *aff'd*, 257 F. App'x 897 (6th Cir. 2007).

Even accepting as true Brown's allegation that Wilson and Jones were somehow directly involved in making decisions about what type of medical treatment he would receive, his Eighth

Amendment medical claims against them would still fail as a matter of law. The Eighth Amendment prohibits prison officials from acting with deliberate indifference to a prisoner's objectively serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). To establish an Eighth Amendment violation, the prisoner must show that the prison official was subjectively aware of his serious medical need, and was then deliberately indifferent to it, such as by "intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id*. at 104; *Caldwell v. Moore*, 968 F.2d 595, 602 (6th Cir. 1992).

The Court will assume that sickle cell anemia presents an objectively serious medical condition. *Parker v. United States*, 197 F. App'x 171, 174 (3rd Cir. 2006). However, the medical staff at USP-McCreary, far from demonstrating deliberate indifference to Brown's serious medical condition, actively monitored and treated it; transferred him to a local hospital twice in the summer of 2010;[1] implemented a conservative treatment plan which excluded narcotic pain medication, but which required Brown to stay hydrated, relaxed and to practice deep breathing; and assured Brown that he could continue to seek medical attention through normal sick call procedures. Such ongoing and responsive care is the antithesis of deliberate indifference. *Brooks v. Celeste*, 39 F.3d 125, 128 (6th Cir. 1994); *Lara-Portela v. Stine*, No. 07-CV-014-KKC, 2008 WL 45398, at *7-9 (E.D. Ky. 2008). Further, as former Warden Wilson noted in his denial of Brown's BP-9 remedy request, when the local doctor discharged Brown from the hospital in July 2010, he prescribed only 15 narcotic pain pills and instructed Brown

---

[1] According to C. Eichenlaub, the hospital reports from the August 2010 episode were negative for a sickle cell anemia emergency.

to take them only on an "as needed" basis, indicating that Brown was to take those few narcotic pain pills sparingly, not as part of a daily or weekly regimen.

In this case, Brown does not allege that he was denied any medical treatment for his sickle cell anemia. Instead, he alleges the medical treatment he received at the prison was inadequate and inconsistent with an outside doctor's recommendations of narcotic pain medication on an "as needed" basis. "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976); *see, e.g.*, *Sanderfer v. Nichols*, 62 F.3d 151, 154 (6th Cir. 1995); *Simpson v. Ameji*, 57 F. App'x 238, 239 (6th Cir. 2003).

Brown disagrees with the conservative course of treatment which the USP-McCreary medical staff implemented because it excluded an unidentified narcotic pain medication, which could have potentially addictive side effects. While Brown contends that the decision was incorrect, his argument is one of professional malpractice or negligence, not deliberate indifference. *See Heard v. Sheahan*, 253 F.3d 316, 318 (7th Cir. 2001) ("malpractice does not violate the Eighth Amendment; instead the suit charges that the defendants inflicted cruel and unusual punishment on the plaintiff by refusing to treat his condition.").

Accordingly, Brown may have had a negligence claim under the Federal Tort Claims Act, but he does not assert a valid deliberate indifference claim under the Eighth Amendment. *See Starling v. United States*, 664 F. Supp.2d 558, 570 (D.S.C. 2009); *Smith v. United States*, 2007 WL 2155703, at *6 (W.D. Pa. 2007); *Shockley v. Fox*, 444 F. App'x 36, 38 (5th Cir. 2011)

9

(rejecting prisoner's claim that prison medical staff's refusal to provide him with narcotic pain medication violated his Eighth Amendment rights); *Cutler v. Correctional Medical Services*, No. 3:08-CV-00507-BLW, 2011 WL 4479025, at *9-*10 (D. Idaho September 26, 2011) (same); *Hood v. Prisoner Health Services, Inc.*, 180 F. App'x. 21, 25 (10th Cir. 2006) (same); *see also*, *Cuoco v. Moritsugu*, 222 F.3d 99, 111 (2nd Cir. 2000) (holding that the failure of the non-doctor defendants—Warden and Health Services Administrator—to intervene in the medical treatment of an inmate was not objectively unreasonable even if it appeared to be wrong).

In summary, although Brown disagrees with the conservative medical treatment decisions which the USP-McCreary medical staff made, his disagreement with that medical treatment is insufficient to state a cognizable constitutional claim for relief under *Bivens* or § 1983. *Estelle*, 429 U.S. at 97-98; *Westlake*, 537 F.2d at 860 n. 5. For that reason, his Eighth Amendment individual capacity claims against Wilson, Jones, and the unnamed John Doe Defendants will be dismissed for failure to state a claim upon which relief can be granted.

### 3. Individual Capacity Fifth Amendment Claims

Brown alleges that the defendants violated his Fifth Amendment right to due process of law. He alleges no specific facts in support of that claim, but assuming that he bases that claim on the fact that his informal and formal requests for administrative remedies were denied, as were his appeals within the BOP system, he states no claim establishing a denial of due process in violation of the Fifth Amendment. It is well-settled that prisoners have no inherent constitutional right to an effective prison grievance procedure. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Overholt v. Unibase Data Entry, Inc.*, 221 F.3d 1335, 2000 WL 799760, at *3

(6th Cir. June 14, 2000) (Unpublished Table decision); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir.1991). For this reason, Brown's Fifth Amendment due process claim will also be dismissed for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1).

## CONCLUSION

Accordingly, **IT IS ORDERED** that Plaintiff Raymond Emmit Brown's Complaint, [R. 2], is **DISMISSED WITH PREJUDICE**. The Court will enter an appropriate Judgment.

This February 27, 2012.



Signed By:
*Karl S. Forester* KSF
United States Senior Judge